**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GABRIEL RUBIO,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC., et al.,

Defendants.

Case No. 1:25-cv-00883 JLT CDB

ORDER TRANSFERRING CASE UNDER THE FIRST-TO-FILE RULE

(Doc. 17)

United Parcel Service, Inc. moves to dismiss or stay this action under the first-to-file rule, citing an action pending in the United States District Court for the Northern District of California. (*See* Doc. 17.) Gabriel Rubio opposes the motion but would not object to a transfer to the Northern District of California. (*See* Doc. 20.) Briefing is complete (*see* Doc. 21), and the Court found that oral arguments were not necessary (Doc. 22).

The first-to-file rule is a "recognized doctrine of federal comity." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). It gives a district court discretion to dismiss, transfer, or stay one case if another case with "substantially similar issues and parties was previously filed in another district court." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *see also Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

UPS argues that Rubio's allegations overlap with those in *Saechao v. United Parcel*

*Service, Inc.*, No. 25-2431 (N.D. Cal. filed Mar. 10, 2025). The Court takes judicial notice of the filings in that action. *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Like Rubio, the plaintiff in *Saechao* alleges UPS required unpaid work of its hourly employees, deprived them of meal and rest breaks, and sent inaccurate and incomplete wage statements in violation of the state's Labor Code and Unfair Competition Law. (*Compare* Doc. 1-2 at 8–22 *with* No. 25-8423 (N.D. Cal. Jan. 24, 2025), Doc. 1-2 at 3–5, 8–16.) Like this case, the case pending in the Northern District is a putative a class action on behalf of nonexempt, hourly UPS employees. (*Compare* Doc. 1-2 at 3–4 *with* No. 25-8423 (N.D. Cal. Jan. 24, 2025), Doc. 1-2 at 5–8.)

The *Saechao* case was filed and removed to federal court before Rubio filed his complaint in this action. The two cases are against the same defendant, they involve many identical wage and hour claims, and the proposed classes overlap greatly. They are, at the core, substantially similar actions.

It is true as Rubio argues that they are not identical. Rubio's proposed class may be broader, as it is not limited to employees who worked in warehouses and distribution centers. (*Compare* Doc. 1-2 at 3–4 *with* No. 25-8423 (N.D. Cal. Jan. 24, 2025), Doc. 1-2 at 5–8.) But the classes are substantially similar, which is all that is necessary for the first-to-file rule to apply. *See Kohn*, 787 F.3d at 1240; *see also, e.g.*, *Sermeno v. Int'l Paper Co.*, No. 25-01892, 2025 WL 4058523, at *2 (C.D. Cal. Dec. 18, 2025) (applying first-to-file rule in a similar wage and hour case when parties were similar but not identical); *Tappin v. TForce Freight, Inc.*, No. 22-00322, 2022 WL 3567126, at *2 (E.D. Cal. Aug. 18, 2022) (same).

It is also true that the issues are not identical. Rubio makes allegations about unreimbursed business expenses, for example. (*See* Doc. 1-2 at 8.) But again, it is not necessary for the issues to be identical. It is enough for them to be substantially similar. *See Kohn*, 787 F.3d at 1240–41; *see also, e.g.*, *Sermeno*, 2025 WL 4058523, at *3 (finding class claims substantially similar in wage and hour class action); *Tappin*, 2022 WL 3567126, at *3 (same). "The fact that this action brings additional claims does not preclude applying the first-to-file rule." *Arellano v. Ulta Salon, Cosms. & Fragrance, Inc.*, No. 22-00639, 2022 WL 17128542, at

*2 (C.D. Cal. July 15, 2022).

The first-to-file rule therefore applies to this case. It gives a district court discretion to transfer, stay, or dismiss the later-filed case based on an assessment of what course will best preserve the parties' and the courts' limited resources. *See Cedars-Sinai Med. Ctr.*, 125 F.3d at 769. For this case, a transfer will avoid unnecessary delays and will permit the parties and the Northern District Court to decide how to avoid inefficiencies, inconsistent rulings, and a duplication of effort. *See Tappin*, 2022 WL 3567126, at *4 (transferring the later-filed action in similar circumstances); *see also* Fed. R. Civ. P. 42(a) (governing consolidation of actions involving a common question of law or fact); N.D. Cal. Local Rule 3-12 (governing related cases). As noted, Rubio does not object to a transfer. (*See* Doc. 20 at 2.)

It is not necessary to reach UPS's alternative arguments, nor the abstention doctrine established by the Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The Court expresses no opinions on those matters in this order.

For these reasons, the motion at Doc. 17 is **GRANTED IN PART**. This action is **TRANSFERRED** to the United States District Court for the Northern District of California under the first-to-file rule.

IT IS SO ORDERED.

Dated: _July 8, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE